**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**Civil Case Number:** _____

|  |  |
|---|---|
| Denise Battiste, | : |
|  | : |
| Plaintiff, | : |
| vs. | : |
|  | : |
| IC System, Inc., | : |
|  | : |
| Defendant. | : |
|  | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Denise Battiste, by undersigned counsel, states as follows:

**JURISDICTION**

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4.      The Plaintiff, Denise Battiste ("Plaintiff"), is an adult individual residing in Alachua, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5.      The Defendant, IC System, Inc. ("IC"), is a Minesota business entity with its principal place of business located in St. Paul, Minesota, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.  The Debt**

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to IC for collection, or IC was employed by the Creditor to collect the Debt.

9.      IC attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  IC Engages in Harassment and Abusive Tactics**

10.      On or about September 13, 2024, IC called Plaintiff in an attempt to collect the Debt.

2

11.     IC called Plaintiff on her personal telephone number that Plaintiff provided to the original creditor.

12.     When Plaintiff answered the call, IC asked to verify that it was speaking to "Denise Battiste."

13.     Plaintiff verified her name and asked who was calling.

14.     IC stated the name of its company and asked Plaintiff to provide IC with her address.

15.     The IC collector did not provide their name.

16.     Plaintiff refused to disclose any of her personal information until she knew the purpose of the call.

17.     Plaintiff has been the subject of scam companies calling her and maintains a practice of finding out who she is speaking with before providing any personal information over the telephone.

18.     Plaintiff did not receive anything in the mail from IC, was not familiar with the company name, and did not know that IC was a debt collector.

19.     IC refused to provide Plaintiff with any information, other than the company name, until it obtained information from Plaintiff in an attempt to collect the Debt.

20.     Despite knowing that it was speaking with "Denise Battiste," on the telephone number "Denise Battiste" provided to the creditor, IC failed to advise Plaintiff that the communication was from a debt collector and any information obtained would be used for that purpose.

21.     IC attempted to obtain valuable information from Plaintiff in an attempt to collect a Debt without advising Plaintiff that the call was from a debt collector.

3

22.     Thereafter, Plaintiff saw IC on her credit report and contacted her credit monitoring company to find out if IC is a legitimate company.

23.     Thereafter, Plaintiff called IC and disputed the Debt.

24.     IC's actions caused Plaintiff a great deal of confusion, frustration and distress.

## C.  Plaintiff Suffered Actual Damages

25.     Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

26.     As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29.     The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

30.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

31.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

4

32.     The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

33.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

34.     The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

35.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA FAIR DEBT COLLECTION PRACTICES ACT, 559.55-559.785

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Fair Debt Collection Practices Act, 559.72(7).

39.     The Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and

   Fla Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

   1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March10, 2025

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
Lemberg Law, LLC
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com